**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **MUSIC L.A.A., INC.** d/b/a **LAA MUSIC**<br><br>and<br><br>**ZAC HILLER,**<br><br>Plaintiffs,<br><br>v.<br><br>**ONER ACTIVE USA LLC**<br>c/o Corporation Service Company, Registered Agent<br>251 Little Falls Drive<br>Wilmington, Delaware 19808,<br><br>Defendant. | Case No. ____________________<br><br>Judge ________________________<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et seq.)**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiffs Music L.A.A., Inc. d/b/a LAA Music ("LAA") and Zac Hiller ("Hiller," and together with LAA, "Plaintiffs"), by their undersigned counsel, for their Complaint against Defendant Oner Active USA LLC ("Oner"), allege as follows:

## NATURE OF THE ACTION

1. Oner sells women's activewear in the United States under the Oner Active brand. It sells largely through a paid network of "ambassadors" and "affiliates." These creators post short promotional videos on TikTok, Instagram and

YouTube carrying Oner discount codes and shopping links. Oner negotiates their contracts, sets their commissions, briefs their content, and pays to run their videos as advertisements.

2. Those videos need music, and Oner never paid for it. At least sixteen Oner promotional videos are set to three copyrighted works that Plaintiffs own and have registered:

(a) the sound recording "Take it Off 'Lights Off' Beat," embodied in "Take It Off (Lights Off)" by Chef Boy;

(b) the musical work "Boo (original drum composition)," embodied in "BOO" by H3adband; and

(c) the sound recording and musical work "Baby," by Mike Sherm.

3. The sixteen videos have been viewed more than 1,058,000 times. Two ran as paid TikTok advertisements. Others carry the Oner discount codes EMONI, ISO, HAYLEE and KRISTINA. Still others were posted by creators who describe themselves as an "@Oner Active move ambassador" and an "@Oner Active affiliate."

4. Oner used Plaintiffs' works to sell its products without permission and without paying for them. Plaintiffs seek damages, Oner's profits, statutory damages, injunctive relief, and their costs and attorneys' fees under the Copyright Act.

## THE PARTIES

5. Plaintiff Music L.A.A., Inc. d/b/a LAA Music is a New York corporation (New York Department of State ID No. 5682160). LAA acquires and administers copyright interests in musical works and sound recordings. LAA is a registered claimant of the copyrights in “Boo (original drum composition)” and “Baby.”

6. Plaintiff Zac Hiller is an individual who resides in New York and is a principal of LAA. Hiller is the registered claimant of the copyright in “Take it Off ‘Lights Off’ Beat.”

7. Defendant Oner Active USA LLC is a Delaware limited liability company, Delaware File No. 6426666. Its registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Oner’s own privacy policy identifies Oner Active USA LLC as the entity responsible for the Oner Active “US shop and operations.” (Ex. C-1, C-2.)

8. Oner sells Oner Active apparel to consumers across the United States through its U.S. online store, us.oneractive.com. It ships U.S. orders from a U.S. distribution center and charges local and state sales tax at checkout. U.S. Customs records show Oner importing Oner Active sportswear into the United States in its own name in at least fourteen ocean shipments in August and September 2026. (Ex.

C-3, C-6.) Oner is also opening a flagship retail store at 0 Bond Street in New York, New York.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq.

10. This Court has personal jurisdiction over Oner. Michigan's long-arm statute, Mich. Comp. Laws § 600.715, permits the exercise of limited personal jurisdiction over corporations execution of business within the state, and Michigan courts construe this statute to extend to the maximum limit permitted by the Due Process Clause of the United States Constitution.

11. Oner has purposefully availed itself of the privilege of doing business in Michigan: (a) it sells and ships Oner Active products to consumers in Michigan through its U.S. online store; (b) it charges and collects sales tax on those sales; and (c) it markets to Michigan consumers through the creator network and paid social-media advertising at issue here. A defendant that sells to forum residents through its website purposefully avails itself of the forum. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890–92 (6th Cir. 2002).

12. Plaintiffs' claims arise out of or relate to Oner's Michigan contacts. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359–62 (2021). The infringing videos are advertisements for the same products Oner sells and ships into Michigan. They were published to TikTok, Instagram and YouTube users throughout the United States, including Michigan, and they direct those viewers to buy Oner products using Oner discount codes and links.

13. Exercising jurisdiction over Oner is reasonable. Oner is a U.S. company that markets and sells nationwide, and defending this action in Michigan imposes no undue burden.

14. Venue is proper in this District under 28 U.S.C. § 1400(a), because Oner is subject to personal jurisdiction in this District and therefore "may be found" here. Venue is further proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, including the targeted marketing, distribution, and sales to consumers within the Eastern District of Michigan.

## PLAINTIFFS' COPYRIGHTED WORKS

15. Plaintiffs own the copyrights in the following three works (the "Works"), each registered with the United States Copyright Office:

| **Work** | **Registration No.** | **Effective date** | **Type of work and author** | **Claimant of record** | **First published** |
|---|---|---|---|---|---|
| "Take it Off 'Lights Off' Beat" | SR 1-075-539 | Apr. 14, 2026 | Sound recording; author Trayvon Jackson | Zac Hiller, by written agreement | Aug. 1, 2025 |
| "Boo (original drum composition)" | PA 2-569-090 | Jan. 26, 2026 | Music: original drum composition and rhythmic arrangement; author Kristers Zemnieks | Kristers Zemnieks; Music LAA, by written agreement | Oct. 18, 2025 |
| "Baby" | SR 1-068-133 | Dec. 16, 2025 | Sound recording and music; authors Damian Demyers and Michael Sherman | Music L.A.A., by written agreement | Oct. 21, 2024 |

16. The Copyright Office's records of these registrations are attached as **Exhibit A**. Each registration was made within five years of first publication, so each certificate is prima facie evidence of the validity of the copyright and of the facts stated in it. 17 U.S.C. § 410(c). Each registration issued before this action was filed. 17 U.S.C. § 411(a); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019).

17. Each Work is embodied in a commercially released record:

(a) "Take it Off 'Lights Off' Beat" in "Take It Off (Lights Off)" by Chef Boy;

(b) "Boo (original drum composition)" in "BOO" by H3adband; and

(c) "Baby" in "Baby" by Mike Sherm.

Each record is distributed on major streaming services and appears under its title in TikTok's music catalog. Anyone who sets a video to one of these records reproduces the Work embodied in it.

18. Plaintiffs have never licensed or otherwise authorized Oner, or anyone acting for Oner, to use any of the Works in advertising, promotional or other commercial content.

## FACTUAL ALLEGATIONS

### A. Oner markets through a creator network that it contracts with, briefs, pays and promotes

19. Oner has publicly identified the United States as the Oner Active brand's largest market. Oner reaches U.S. consumers mainly through creator content on TikTok, Instagram and YouTube. Its privacy policy identifies TikTok, Meta and Google as the advertising platforms it uses.

20. Oner runs this program through a U.S. Partnerships function. Oner's posting for a "Senior Partnerships Manager – US" describes the job in Oner's own words (Ex. C-4). The manager will:

(a) "personally own" a roster of Oner's "highest-value US athletes and ambassadors";

(b) negotiate and manage their contracts, ensuring that "deliverables, exclusivity, usage rights, commissions, fixed fees and other commercial terms are accurately reflected and operationalised";

(c) manage "talent payments" and "product send-outs";

(d) "Personally brief talent and work with creators to improve concepts, hooks, storytelling, product communication and execution"; and

(e) work with Oner's Paid Media team to "identify, test and scale high-performing creator assets," including through "whitelisting/partnership ads."

21. Oner gives its creators personal discount codes and shopping links, and it pays them commissions on the sales those codes and links generate. The creators publicly identify themselves as Oner's agents. One creator in this case describes herself as an "@Oner Active move ambassador," and another as an "@Oner Active affiliate | code JAS." (Ex. C-5.)

22. Oner also acquires creator content for its own use. Its U.S. website terms provide that when a creator approves Oner's request to use the creator's content, the content becomes "the property of Oner Active." The terms also state:

"By agreeing to the use of the content, you waive any payment for the use of your content across all mediums and channels." (Ex. C-3.)

23. Oner therefore has both the right and the practical ability to control what its creators post on its behalf. It does so through contracts it negotiates, briefs it gives, payments it makes, product it supplies, codes it issues, and paid promotion it decides whether to fund.

## B. The Infringing Videos

24. At least the following sixteen videos (the "Infringing Videos") promote Oner Active products and are set to one of Plaintiffs' Works. Each remained publicly available as of October 12, 2026. A schedule giving each video's full caption, posting date, audio identification and view count is attached as **Exhibit B**.

| No. | Work | Creator (platform) | Posted | Oner connection | Views* | URL |
|---|---|---|---|---|---|---|
| 1 | Take It Off | @kristincangemifit (TikTok) | May 28, 2026 | Caption: "#oneractive … @Oner Active" | 815,800 | https://www.tikto |
| 2 | Take It Off | @courtneyhubbard_ (TikTok) | Apr. 9, 2026 | Creator profile: "@Oner Active move ambassador"; caption tags Oner collaborator @MIA GREEN | 77,300 | https://www.tikto |
| 3 | Take It Off | @jasminenevans (TikTok) | Apr. 11, 2026 | Creator profile: "@Oner Active affiliate \| code JAS" | 68,700 | https://www.tikto |
| 4 | Take It Off | @emonicheyanne (Instagram) | Oct. 6, 2026 | Caption: "ONER jorts + ONER tank … use code EMONI" | 17,000 | https://www.insta |

| No. | Work | Creator (platform) | Posted | Oner connection | Views* | URL |
|---|---|---|---|---|---|---|
| 5 | Take It Off | Kristina Girod (YouTube) | May 4, 2026 | Caption: "New Oner Active dropping Wednesday … Code KRISTINA" | 13,004 | https://www.yout |
| 6 | Take It Off | @xo.rikaaa (TikTok) | Apr. 2, 2026 | Caption: "@Oner Active … #oneractive" | 11,000 | https://www.tikto |
| 7 | Take It Off | @_lovinriri (TikTok) | Apr. 14, 2026 | Caption: "@Oner Active #oneractivecommunity" | 2,683 | https://www.tikto |
| 8 | Take It Off | @slay.iso (TikTok) | Mar. 25, 2026 | Caption: "Oner Active Spring Collection is now LIVE! Code: ISO" | 1,925 | https://www.tikto |
| 9 | Take It Off | @gabby_elizabeth_ (TikTok) | Apr. 16, 2026 | Caption: "outfit: @Oner Active" | 1,341 | https://www.tikto |
| 10 | Take It Off | @daisxfit (TikTok) | Apr. 12, 2026 | Paid TikTok advertisement. Caption: "Granite blue launching on the 16th @Oner Active" | 1,176 | https://www.tikto |
| 11 | Take It Off | @_ajewel_ (TikTok) | Mar. 27, 2026 | Caption: "Take it off @Oner Active" | 827 | https://www.tikto |
| 12 | Take It Off | @iambanks.x (TikTok) | Apr. 12, 2026 | Paid TikTok advertisement. Caption: "@Oner Active #oneractive" | 682 | https://www.tikto |
| 13 | Take It Off | @emonicheyanne4 (TikTok) | Oct. 6, 2026 | Caption: "@Oner Active code EMONI \| link in bio to shop" | 531 | https://www.tikto |
| 14 | Take It Off | @palehals (TikTok) | July 18, 2026 | Caption: "@Oner Active" | 482 | https://www.tikto |

| No. | Work | Creator (platform) | Posted | Oner connection | Views* | URL |
|---|---|---|---|---|---|---|
| 15 | BOO | @hayleesfitnesss (TikTok) | Jan. 16, 2026 | Caption: "Outfit @Oner Active … CODE HAYLEE" | 45,500 | https://www.tikto |
| 16 | Baby | @mandymchughh (TikTok) | Aug. 22, 2026 | Caption: "@Oner Active" | 684 | https://www.tikto |

*Views as displayed on October 12, 2026 (No. 4: October 10, 2026).

25. The platforms' own data identify the music in each Infringing Video as Plaintiffs' Work:

(a) For Nos. 1–3 and 6–14, TikTok links the video's audio to its catalog entry for "Take it off 'Lights off'" by Chef Boy. That entry is cross-referenced to the same track on Apple Music and Spotify.

(b) For No. 15, TikTok links the audio to "BOO" by H3adband.

(c) For No. 16, TikTok links the audio to "Baby" by Mike Sherm.

(d) Instagram credits the audio of No. 4 to Chef Boy, and YouTube credits the music in No. 5 as "Take it off 'Lights off'" by Chef Boy.

26. Each Infringing Video reproduces the Work it uses, synchronizes it with Oner Active promotional footage, and distributes and publicly performs it to audiences throughout the United States.

27. Each Infringing Video promotes Oner Active products. Most carry an Oner discount code, an Oner shopping link, or both.

28. TikTok labeled Nos. 10 and 12 as paid advertisements. On information and belief, Oner paid for or authorized that paid promotion, as its Paid Media practice of scaling creator content through "partnership ads" contemplates.

29. Together, the Infringing Videos have been viewed more than 1,058,000 times. On information and belief, they generated sales of Oner Active products, commissions to Oner's creators, and brand exposure for Oner.

30. The infringement is ongoing. The Infringing Videos were posted between January 16, 2026 and October 6, 2026, and all remain online.

31. Oner's infringement is willful. Oner is a sophisticated, international apparel business. Its U.S. partnerships function negotiates "usage rights" with creators and scales their content through paid advertising, so Oner knows that commercial use of music requires a license. Even so, Oner let its ambassadors and affiliates set Oner promotions to Plaintiffs' Works, without a license, for at least nine months.

## COUNT I — DIRECT COPYRIGHT INFRINGEMENT

## (17 U.S.C. §§ 106, 501)

32. Plaintiffs incorporate paragraphs 1 through 31.

33. To establish infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of original elements of the work. *Feist Publ'ns, Inc.*

*v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003).

34. Plaintiffs own valid, registered copyrights in the Works. The Infringing Videos copy the Works verbatim, by using the commercially released records in which the Works are embodied. In this Circuit, any unauthorized copying of a sound recording infringes: "Get a license or do not sample." *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 801 (6th Cir. 2005).

35. Oner is directly liable for each Infringing Video that it commissioned, approved, paid for, promoted or used. That includes Nos. 10 and 12, which ran as paid advertisements for Oner's products.

36. Oner is also directly liable for the Infringing Videos its ambassadors and affiliates created and published as its agents, within the scope of their engagement to promote Oner products.

37. By this conduct, Oner violated Plaintiffs' exclusive rights to reproduce the Works, to prepare derivative works based on them, to distribute them, and to perform them publicly, including by digital audio transmission. 17 U.S.C. § 106(1)–(4), (6).

## COUNT II — CONTRIBUTORY COPYRIGHT INFRINGEMENT

38. Plaintiffs incorporate paragraphs 1 through 37.

39. Each creator identified in paragraph 24 directly infringed the Work used in that creator's video. Each reproduced, synchronized, distributed and publicly performed the Work without authorization.

40. One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another is liable as a contributory infringer. *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007). So is one who intentionally induces or encourages direct infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).

41. Oner knew, or had reason to know, that its creators set their Oner promotions to popular, unlicensed music. Oner reviews and briefs that content. Its stated practice is to "identify, test and scale high-performing creator assets" through paid media, and it tracks the sales each creator's codes and links generate.

42. Oner materially contributed to and encouraged the infringement. It supplied the product, discount codes, shopping links, commissions, creative briefs, launch timing and paid promotion that the Infringing Videos exist to deliver.

## COUNT III — VICARIOUS COPYRIGHT INFRINGEMENT

43. Plaintiffs incorporate paragraphs 1 through 42.

44. A defendant is vicariously liable for another's infringement when it has the right and ability to supervise the infringing conduct and an obvious and direct

financial interest in it. *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004); *Grokster*, 545 U.S. at 930.

45. Oner had the right and ability to supervise the creators' Oner promotional content. Its contracts govern their "deliverables" and "usage rights." It briefs their content, and it can decline to pay, decline to promote, demand changes, or end the relationship.

46. Oner had an obvious and direct financial interest in the infringement. Each Infringing Video promoted Oner products and directed viewers to buy them, most through Oner codes and links that tie each sale to the video. The popular music made the videos more engaging, and so more profitable for Oner.

## DAMAGES AND REMEDIES

47. Oner's infringement was willful, or at minimum in reckless disregard of Plaintiffs' rights.

48. Plaintiffs are entitled to recover their actual damages, including at least the fair market value of a license for each use, together with Oner's profits attributable to the infringement. 17 U.S.C. § 504(b). Plaintiffs need prove only Oner's gross revenue reasonably related to the infringement. Oner then bears the burden of proving its deductible expenses and the share of profit attributable to factors other than the Works. *Id.*

49. Oner's infringement of "Baby" (No. 16, posted August 22, 2026) began after that Work's registration took effect on December 16, 2025. As to "Baby," Plaintiffs may therefore elect statutory damages of up to $150,000 for willful infringement in place of actual damages and profits. 17 U.S.C. § 504(c)(2); *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 584–86 (6th Cir. 2007). As to the other Works, Plaintiffs seek statutory damages to the extent 17 U.S.C. § 412 permits.

50. Plaintiffs are entitled to their full costs and, to the extent 17 U.S.C. § 412 permits, a reasonable attorneys' fee. 17 U.S.C. § 505; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994); *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197 (2016).

51. Oner's infringement has caused and will continue to cause Plaintiffs irreparable harm for which they have no adequate remedy at law. Plaintiffs are entitled to injunctive relief and impoundment. 17 U.S.C. §§ 502, 503.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor and against Defendant Oner Active USA LLC:

1. Declaring that Oner infringed Plaintiffs' copyrights in each of the Works, directly, contributorily and vicariously, and that its infringement was willful;

2. Awarding Plaintiffs their actual damages and Oner's profits attributable to the infringement under 17 U.S.C. § 504(b), in an amount to be proven at trial;
3. Alternatively, at Plaintiffs' election at any time before final judgment, awarding statutory damages under 17 U.S.C. § 504(c), up to $150,000 per Work for willful infringement, including for "Baby" and for each other Work to the extent 17 U.S.C. § 412 permits;
4. Permanently enjoining Oner and its officers, agents, servants, employees, ambassadors and affiliates, and all persons in active concert or participation with them, from reproducing, distributing, publicly performing or otherwise using the Works without license. 17 U.S.C. § 502;
5. Ordering Oner to remove, or cause to be removed, every Infringing Video and any other content within its control that uses the Works without license;
6. Ordering impoundment and destruction of all infringing materials in Oner's possession, custody or control. 17 U.S.C. § 503;
7. Ordering Oner to account for all revenue, commissions and sales attributable to the Infringing Videos, including all sales made through the discount codes and links that appear in them;

8. Awarding Plaintiffs their full costs and a reasonable attorneys' fee. 17 U.S.C. § 505;
9. Awarding pre-judgment and post-judgment interest; and
10. Granting such other and further relief as the Court deems just and proper.

Dated: October 12, 2026

Respectfully submitted,

/s/ Hal D. Burke
Hal D. Burke (P69068)
SCHEER, GREEN, AND BURKE LPA
One SeaGate, Suite 640
Toledo, Ohio 43604
Telephone: (419) 243-2283
Facsimile: (419) 463-9139
hburke@sgblegal.com

*Counsel for Plaintiffs Music L.A.A., Inc. d/b/a LAA Music and Zac Hiller*

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues so triable.

Dated: October 12, 2026

/s/ Hal D. Burke